1  Cary Kletter
   Sally Trung Nguyen
2  KLETTER LAW FIRM LLP
   1900 S. Norfolk Street, Suite 350
3  San Mateo, California 94403
4  415.434.3400

5  Attorneys for PLAINTIFFS,
   GLORIA ZAMORA, ANTONIO ZAMORA
6  And LESLIE MARQUEZ

7
              UNITED STATES DISTRICT COURT
8
             NORTHERN DISTRICT OF CALIFORNIA
9

10 GLORIA ZAMORA, ANTONIO              Case No. CV14-03628 PSG
   ZAMORA and LESLIE MARQUEZ,
11                                     **FIRST AMENDED COMPLAINT AND
          PLAINTIFFS,                  JURY DEMAND**
12
                                        1. Disability Discrimination;
13          v.                          2. Failure to Accommodate;
                                        3. Failure to Engage in the Interactive
14 LW NEUFELD & ASSOCIATES (a              Process;
   partnership); LW NEUFELD &          4. Unlawful Retaliation;
15 ASSOCIATES, INC.; EXPRESS           5. Wrongful Termination;
   SERVICES, INC. dba EXPRESS          6. Discrimination on the Basis of Race;
16 EMPLOYMENT PROFESSIONALS.;          7. Failure to Pay "Straight" Wages;
   WILLIAM NEUFELD and DOES 1 - 20,    8. Failure to Pay Overtime Wages;
17 inclusive,                          9. Liquidated Damages;
                                       10. Labor Code Penalties;
18                                     11. Failure to Provide Accurate Wage
          DEFENDANTS.                      Statements;
19                                     12. Unfair Business Practices;
                                       13. Unlawful Imprisonment;
20                                     14. Assault;
                                       15. Battery Non-Sexual; and
21                                     16. PAGA.
22
23

24

25 PLAINTIFFS   GLORIA   ZAMORA,   ANTONIO   ZAMORA   and   LESLIE   MARQUEZ

26 ("PLAINTIFFs") as a First Amended Complaint allege as follows:

27                          **INTRODUCTION**

28    1.    This is an action brought by PLAINTIFFS against the DEFENDANTS   LW

1  NEUFELD & ASSOCIATES (a partnership); LW NEUFELD & ASSOCIATES, INC.;

2  EXPRESS SERVICES, INC., dba EXPRESS EMPLOYMENT PROFESSIONALS

3  ("EXPRESS"); WILLIAM NEUFELD ("NEUFELD") and DOES 1 - 20 (collectively,

4  "DEFENDANTS"), in connection with claims arising out of PLAINTIFFS' employment with

   the DEFENDANTS and an assault.

5
       2.     This is an action for damages due to (1) Disability Discrimination; (2) Failure to

6  Accommodate; (3) Failure to Engage in the Interactive Process; (4) Unlawful Retaliation; (5)

7  Wrongful Termination in Violation of Public Policy; (6) Discrimination on the Basis of Race;

8  (7) Failure to Pay "Straight" Wages; (8) Failure to Pay Overtime Wages; (9) Liquidated

9  Damages Pursuant to Labor Code § 1194.2 and the FLSA; (10) Labor Code Penalties [including

10 but not limited to waiting time penalties, Labor Code §§ 204, 210 and 558; (11) Failure to

11 Provide Accurate Wage Statements; (12) Unfair Business Practices In Violation of B&P Code

12 §§ 17200 and 17203, *et seq.;* (13) Unlawful Imprisonment; (14) Assault; (15) Battery Non-

13 Sexual; and (16) Violation of the California Labor Code Private Attorneys General Act of 2004

   ("PAGA") Labor Code § 2698, *et seq.*
14

15                                    **THE PARTIES**

16     3.     GLORIA ZAMORA is an individual who, at all relevant times, was and is a resident

17 of the State of California, County of Santa Clara.

18     4.     ANTONIO ZAMORA is an individual who, at all relevant times, was and is a

19 resident of the State of California, County of Santa Clara.

20     5.     LESLIE MARQUEZ is an individual who, at all relevant times, was and is a resident

21 of the State of California, County of San Benito.

       6.     NEUFELD & ASSOCIATES (a partnership) is upon information and belief a
22
   partnership between NEUFELD and Linda Neufeld.

23     7.     NEUFELD & ASSOCIATES, INC. is, upon information and belief, a corporate shell

24 or a corporation.

25     8.     EXPRESS SERVICES, INC. dba EXPRESS EMPLOYMENT PROFESSIONALS

26 is, upon information and belief, a corporate shell or a corporation.

27     9.     NEUFELD, upon information and belief, is an individual and the owner and/or

28 principal and/or managing agent of NEUFELD & ASSOCIATES (a partnership) and

NEUFELD & ASSOCIATES, INC.

10.    PLAINTIFFS are ignorant of the true names and capacities of the DEFENDANTS sued herein as DOES 1 through 20 therefore sues them by such fictitious names. PLAINTIFFS are informed and believe and thereon allege that said DEFENDANTS are in some manner legally responsible for the activities and damages alleged herein. PLAINTIFFS will amend this Complaint to allege their true names and capacities when ascertained.

11.    PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned each of the DEFENDANTS was acting as the partner, agent, servant, and employee of each of the remaining DEFENDANTS, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining DEFENDANTS.

12.    DEFENDANTS operated as an integrated enterprise, with shared resources, and agency in fact for the others.

13.    DEFENDANTS or some of them are joint employers of PLAINTIFFS.

## JURISDICTION AND VENUE

14.    Jurisdiction and venue are proper because PLAINTIFFS GLORIA ZAMORA AND ANTONIO ZAMORA reside in the County of San Santa Clara, and the PLAINTIFFS worked for DEFENDANTS in the County of Santa Clara.

15.    In response to DEFENDANTS' unlawful conduct, PLAINTIFFS GLORIA ZAMORA and ANTONIO ZAMORA have filed timely Complaints against DEFENDANTS NEUFELD & ASSOCIATES, INC., EXPRESS and NEUFELD with the California Department of Fair Employment and Housing ("DFEH").

16.    The DFEH has issued Right-To-Sue Notices, permitting PLAINTIFF GLORIA ZAMORA and ANTONIO ZAMORA to file a civil action against NEUFELD & ASSOCIATES, INC., EXPRESS and NEUFELD under the provisions of FEHA.

17.    PLAINTIFFS or some of them have given notice to the California Labor and Workforce Development Agency ("LWDA") pursuant to Labor Code §§ 210 and 211, and the California Private Attorneys General Act, § 2698, *et seq.* ("PAGA") about DEFENDANTS' violation of Labor Code §§ 201, 203, 204, 210, 218.5, 226(e) 510, 558, 1194 and 2699(f)(2) among others.  Therefore, the Court has jurisdiction over PLAINTIFFS' claims for penalties

1    pursuant to Labor Code §§ 201, 203, 204, 210, 218.5, 226(e), 510, 558, 1194 and 2699(f)(2)
2    and others.

3                                          **FACTUAL ALLEGATIONS**

4        18.    GLORIA ZAMORA began working for DEFENDANTS as a front desk coordinator
     in or around October 2012.
5
         19.    GLORIA ZAMORA was an extremely dedicated, loyal and hardworking employee.
6
         20.    GLORIA ZAMORA was promoted to staffing consultant as a result of her
7    performance and received multiple pay raises and positive performance feedback.

8        21.    Despite GLORIA ZAMORA's dedication and excellent performance, she was
9    subjected to unlawful employment practices by DEFENDANTS.

10       22.    In or around March 10, 2014 GLORIA ZAMORA was experiencing disabling
11   symptoms and had to go to the emergency room.

12       23.    GLORIA ZAMORA informed DEFENDANTS that under her treating physician's
     advice, she could not go back to work until after March 13, 2014 due to her medical condition.
13
         24.    On March 11, 2014, DEFENDANTS though its agents and/or employees demanded
14   that GLORIA ZAMORA come into the office the next day (March 12, 2014).

15       25.    Out of fear of losing her job, GLORIA ZAMORA came into the office on March 12,
16   2014 as demanded by DEFENDANTS.

17       26.    GLORIA ZAMORA explained to DEFENDANTS that she was following her
18   doctor's advice in taking a few days off to recover and that she would be able to return after
19   March 13, 2014.

20       27.    On March 12, 2014, GLORIA ZAMORA gave DEFENDANTS her doctor's note
     which listed her work restrictions.
21
         28.    GLORIA ZAMORA was terminated that day (March 12, 2014) effective
22   immediately.

23       29.    On March 12, 2014, ANTONIO ZAMORA, a former employee of DEFENDANTS,
24   came to DEFENDANTS' San Jose office and requested documentation that DEFENDANTS or
25   some of them are required to create, retain and provide upon request to former employees.

26       30.    At that time, NEUFELD became hostile and threatening towards ANTONIO
27   ZAMORA.

28       31.    At that time, NEUFELD ran toward ANTONIO ZAMORA and punched him in the

chest.

32. GLORIA ZAMORA tried to intervene to get NEUFELD away from ANTONIO ZAMORA, but she was shoved away by NEUFELD.

33. NEUFELD then proceeded to shove ANTONIO ZAMORA, knocking ANTONIO ZAMORA to the ground.

34. NEUFELD blocked the doorway and shouted "hit me, hit me" to ANTONIO ZAMORA.

35. ANTONIO ZAMORA told NEUFELD he would not hit him but that he was going to call the police.

36. NEUFELD refused to let GLORIA ZAMORA and ANTONIO ZAMORA leave the work premises after punching and shoving them.

37. ANTONIO ZAMORA then called the police.

38. Only after the police were called did NEUFELD let GLORIA ZAMORA and ANTONIO ZAMORA leave the work premises.

39. When the police arrived, NEUFELD was arrested for attacking one of DEFENDANTS' employees at the work site.

40. As a result of DEFENDANTS' unlawful conduct, GLORIA ZAMORA AND ANTONIO ZAMORA have suffered emotional distress.

41. DEFENDANTS did not pay GLORIA ZAMORA statutory overtime wages for hours worked in excess of eight (8) hours in a workday and/or 40 hours in a workweek during GLORIA ZAMORA's employment.

42. DEFENDANTS did not pay ANTONIO ZAMORA statutory overtime wages for hours worked in excess of eight (8) hours in a workday and/or 40 hours in a workweek during ANTONIO ZAMORA's employment.

43. DEFENDANTS treated ANTONIO ZAMORA differently, and gave him work assignments that paid less, based on his race.

44. LESLIE MARQUEZ began working for DEFENDANTS as a staffing consultant in or around March 3, 2014.

45. LESLIE MARQUEZ consistently worked over 8 hours per workday and over 40 hours per workweek.

46. DEFENDANTS did not pay LESLIE MARQUEZ statutory overtime wages for

1   hours worked in excess of eight (8) hours in workday and/or 40 hours in a workweek.

2      47.     PLAINTIFFS were provided with wage statements that did not comply with
3   requirements of the California Labor Code.

4      48.     DEFENDANTS or some of them did not send certain employees, or prospective
5   employees, including ANTONIO ZAMORA to certain job site, locations or employers based
    upon the race of the employee, including ANTONIO ZAMORA's race – latino/hispanic.
6

7                    **INTEGRATED ENTERPRISE/ALTER EGO**

8      49.     PLAINTIFFS allege that NEUFELD is individually liable for PLAINTIFFS'
9   damages pursuant to the doctrine of alter ego liability.

10     50.     The Defendant entities NEUFELD & ASSOCIATES (a partnership), NEUFELD &
11  ASSOCIATES, INC. and EXPRESS and NEUFELD are part of one integrated enterprise and/or
    the alter ego of the others.
12

13     51.     NEUFELD & ASSOCIATES (a partnership), NEUFELD & ASSOCIATES, INC.,
    and/or EXPRESS and other entities controlled by NEUFELD have interrelated operations,
14
    common management, common employees, centralized control of management decisions,
15  shared assets and common ownership and financial control.

16     52.     Upon information and belief, NEUFELD has complete ownership and financial
17  control over NEUFELD & ASSOCIATES (a partnership), NEUFELD & ASSOCIATES, INC.
18  and EXPRESS. Upon information and belief, NEUFELD was, at all times relevant to this
19  action, consistently and intentionally acting in the name of NEUFELD & ASSOCIATES (a
20  partnership), NEUFELD & ASSOCIATES, INC. and EXPRESS.

21     53.     PLAINTIFFS allege that there is a unity of interest and ownership between
    NEUFELD, NEUFELD & ASSOCIATES (a partnership), NEUFELD & ASSOCIATES, INC.
22
    and EXPRESS, or some of them such that any individuality and separateness between them
23  have ceased and NEUFELD & ASSOCIATES (a partnership), NEUFELD & ASSOCIATES,
24  INC. and/or EXPRESS are mere shells, instrumentalities, and conduits through which
25  NEUFELD carried on his business.

26     54.     Upon information and belief, NEUFELD exercised such complete control and
27  dominance of the business that any individuality or separateness between NEUFELD &
28  ASSOCIATES (a partnership), NEUFELD & ASSOCIATES, INC., EXPRESS and NEUFELD

1   do not exist.

2       55.     If the doctrine of alter ego liability is not invoked in this particular action, an

3   inequitable result will arise because NEUFELD will be able to hide behind NEUFELD &

4   ASSOCIATES (a partnership), NEUFELD & ASSOCIATES, INC. and/or EXPRESS and skirt

5   liability for his actions, which violated several laws and caused PLAINTIFFS to suffer

6   damages.  Justice requires NEUFELD be held accountable for the actions of NEUFELD &

7   ASSOCIATES (a partnership), NEUFELD & ASSOCIATES, INC. and/or EXPRESS so that

    PLAINTIFFS can fully prosecute their claims.

8

9                          **FIRST CAUSE OF ACTION**
                             Disability Discrimination
10                           Cal. Gov. Code § 12940 *et seq.*)
         (GLORIA ZAMORA against All DEFENDANTS other than NEUFELD individually)
11

12      56.     PLAINTIFFS incorporate by reference all of the previous allegations.

13      57.     DEFENDANTS, through their agents and employees, engaged in a pattern and

14  practice of unlawful discrimination in violation of the California Fair Employment and Housing

15  Act ("FEHA") in connection with the terms and conditions of PLAINTIFF GLORIA

    ZAMORA's employment.
16
        58.     PLAINTIFF GLORIA ZAMORA was discriminated against due to her disability.
17
    PLAINTIFF GLORIA ZAMORA was subjected to adverse employment action by being
18
    terminated.
19
        59.     At all relevant times, DEFENDANTS had actual and constructive knowledge of the
20
    discriminatory conduct described and alleged herein, and condoned, ratified and participated in
21
    the discrimination. As a result of DEFENDANTS' failure to protect PLAINTIFF GLORIA
22
    ZAMORA from discrimination, PLAINTIFF GLORIA ZAMORA suffered significant
23
    emotional distress.

24      60.     PLAINTIFF GLORIA ZAMORA is informed and believes and thereon alleges that

25  in addition to the practices enumerated above, DEFENDANTS, and each of them, engaged in

    other discriminatory practices against GLORIA ZAMORA, which are not yet fully known. At
26
    such time as said discriminatory practices become known to PLAINTIFF GLORIA ZAMORA,
27
    she will seek leave of court to amend this complaint in those regards.

28      61.     DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex,

injure, annoy, humiliate and embarrass PLAINTIFF GLORIA ZAMORA, and in conscious disregard of the rights or safety of PLAINTIFF GLORIA ZAMORA and other employees of DEFENDANTS, and in furtherance of DEFENDANTS' ratification of the wrongful conduct of the supervisor of DEFENDANTS. Accordingly, PLAINTIFF GLORIA ZAMORA is entitled to recover punitive damages from DEFENDANTS.

62.     By reason of the conduct of DEFENDANTS, and each of them as alleged herein, PLAINTIFF GLORIA ZAMORA has necessarily retained attorneys to prosecute the within action. PLAINTIFF GLORIA ZAMORA is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of DEFENDANTS' and each of their actions, PLAINTIFF GLORIA ZAMORA sustained economic damages to be proven at trial. As a further result of DEFENDANTS' and each of their actions, PLAINTIFF suffered emotional distress; resulting in damages to be proven at trial.

63.     The above discriminatory conduct violates FEHA, Government Code §§ 12940 and 12941 and California Public Policy and entitles PLAINTIFF GLORIA ZAMORA to all categories of damages, including exemplary or punitive damages.

**SECOND CAUSE OF ACTION**
Failure to Accommodate - FEHA
Cal. Gov. Code § 12940 *et seq.*
(GLORIA ZAMORA against All DEFENDANTS other than NEUFELD individually)

64.     PLAINTIFFS incorporate by reference all of the previous allegations.

65.     The actions and conduct of the DEFENDANTS, or some of them, violated the FEHA in that DEFENDANTS, or some of them, failed to provide PLAINTIFF GLORIA ZAMORA with reasonable accommodation for her disability.

66.     The public policy of the State of California set forth within Cal. Gov. Code §12940 *et seq.* support employment and utilization of persons with a physical disability. It is, therefore, within the statutory obligation of the employer to make a reasonable accommodation to a physical disability of an employee, including but not limited to, job restructuring, granting a modified work schedule and/or granting extended medical leave, and to engage in an interactive process with the employee to see if a reasonable accommodation could be agreed upon.

67.     In violation of FEHA, DEFENDANTS, or some of them, failed to provide

1  PLAINTIFF GLORIA ZAMORA with reasonable accommodations for her known medical
2  disabilities and failed to engage in an interactive process.

3      68.    Further, the actions and conduct of DEFENDANTS, or some of them, constitute
4  "unlawful employment practices," in violation of the FEHA, in that DEFENDANTS, or some of
   them, involuntarily separated PLAINTIFF GLORIA ZAMORA from employment because of
5
   her disability, an adverse employment action.
6
       69.    At no time did DEFENDANTS make any attempt whatsoever to accommodate
7  PLAINTIFF GLORIA ZAMORA's disability.

8      70.    PLAINTIFF GLORIA ZAMORA is and was able to perform the essential functions
9  of her position with or without reasonable accommodation.

10     71.    DEFENDANTS have and had an ongoing duty to engage in the interactive process
11 to determine an effective and reasonable accommodation for PLAINTIFF GLORIA ZAMORA,
   but DEFENDANTS completely failed to do so.
12
       72.    As a proximate cause of DEFENDANTS' conduct, PLAINTIFF GLORIA
13
   ZAMORA has suffered and continues to suffer actual damages and general damages in the form
14
   of medical expenses, pain and suffering, physical injury, emotional distress, humiliation
15 embarrassment and attorneys' fees and costs in an amount according to proof.

16

17                          **THIRD CAUSE OF ACTION**
                    Failure to Engage in the Interactive Process - FEHA
18                            Cal. Gov. Code § 12940 *et seq.*
19     (GLORIA ZAMORA against All DEFENDANTS other than NEUFELD individually)

20     73.    PLAINTIFFS incorporate by reference all of the previous allegations.

21     74.    DEFENDANTS were required to engage in a timely, ongoing, good faith interactive
22 process to attempt to accommodate PLAINTIFF GLORIA ZAMORA. DEFENDANTS failed
23 to engage in the interactive process with PLAINTIFF GLORIA ZAMORA and did not make
24 any attempt to accommodate her disability.

25     75.    DEFENDANTS completely failed to meet its obligation to engage in the interactive
26 process as it utterly refused to allow her to work unless she performed the strenuous tasks and
   heavy lifting despite her work restrictions.
27
       76.    PLAINTIFF GLORIA ZAMORA is and was able to perform the essential functions
28

of her position with or without reasonable accommodation.

77. DEFENDANTS have and had an ongoing duty to engage in the interactive process to determine an effective and reasonable accommodation for PLAINTIFF GLORIA ZAMORA, but DEFENDANTS completely failed to do so.

78. At all relevant times, DEFENDANTS had actual and constructive knowledge of the failure to engage in the interactive process described and alleged herein, and condoned, ratified and participated in the discrimination.

79. DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass PLAINTIFF GLORIA ZAMORA, and in conscious disregard of the rights or safety of PLAINTIFF and other employees of DEFENDANTS, and in furtherance of DEFENDANTS' ratification of the wrongful conduct of the managers of DEFENDANTS. Accordingly, PLAINTIFF GLORIA ZAMORA is entitled to recover punitive damages from DEFENDANTS.

80. By reason of the conduct of DEFENDANTS and each of them as alleged herein, PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF GLORIA ZAMORA is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of DEFENDANTS' and each of their actions, PLAINTIFF GLORIA ZAMORA sustained economic damages to be proven at trial. As a further result of DEFENDANTS' and each of their actions, PLAINTIFF GLORIA ZAMORA suffered emotional distress; resulting in damages to be proven at trial.

81. The above discriminatory conduct violates FEHA, Government Code §§ 12940 and 12941 and California Public Policy and entitles Plaintiff to all categories of damages, including exemplary or punitive damages.

**FOURTH CAUSE OF ACTION**
Unlawful Retaliation in Relation to Disability
Cal. Govt Code § 12940 *et seq.*
(GLORIA ZAMORA against all DEFENDANTS other than NEUFELD individually)

82. PLAINTIFFS incorporate by reference all of the previous allegations.

83. In violation of FEHA, DEFENDANTS retaliated against PLAINTIFF GLORIA

1  ZAMORA for going on a disability leave of absence and requesting reasonable
2  accommodations of her disability.

3      84.    DEFENDANTS subjected PLAINTIFF GLORIA ZAMORA to retaliation, as
4  alleged herein, that significantly altered the terms and conditions of her employment.

5      85.    By reason of the conduct of DEFENDANTS and each of them as alleged herein,
6  PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF
   GLORIA ZAMORA is therefore entitled to reasonable attorney's fees and litigation expenses,
7  including expert witness fees and costs, incurred in bringing the within action. As a result of
8  DEFENDANTS and each of their actions, PLAINTIFF GLORIA ZAMORA sustained
9  economic damages to be proven at trial. As a further result of DEFENDANTS' and each of
10  their actions, PLAINTIFF GLORIA ZAMORA suffered emotional distress resulting in damages
11  to be proven at trial.

12      86.    The conduct of DEFENDANTS and/or their agents/employees as described herein
13  was malicious, and/or oppressive, and done with a willful and conscious disregard for
   PLAINTIFF GLORIA ZAMORA's rights and for the deleterious consequences of
14  DEFENDANTS' actions. DEFENANTS and/or their agents/employees or supervisors
15  authorized, condoned and ratified the unlawful conduct remaining DEFENDANTS.
16  Consequently, PLAINTIFF GLORIA ZAMORA is entitled to punitive damages against
17  DEFENDANTS.

18

19                              **FIFTH CAUSE OF ACTION**
                      Wrongful Termination in Violation of Public Policy
20          (GLORIA ZAMORA against all DEFENDANTS other than NEUFELD individually)

21      87.    PLAINTIFFS incorporate by reference all of the previous allegations.

22      88.    PLAINTIFF GLORIA ZAMORA was terminated by DEFENDANTS based on her
23  disability, despite the fact that she was and could have adequately performed her job with or
24  without reasonable accommodation.

25      89.    Such conduct violates the Public Policy of the State of California as put forward in
26  the California Fair Employment and Housing Act, the California Constitution, the California
27  Labor Code, and other statutes and provisions.

28      90.    As a result of said conduct, PLAINTIFF GLORIA ZAMORA suffered general and

1  exemplary damages as well as having to incur attorneys' fees to prosecute said action.

2  91.    DEFENDANTS, and each of them, did acts alleged herein maliciously, fraudulently

3  and oppressively, with the wrongful intent to injure PLAINTIFF GLORIA ZAMORA, from an

4  improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF

5  GLORIA ZAMORA's rights.  The acts complained of were known to, authorized and ratified

   by DEFENDANTS.  PLAINTIFF GLORIA ZAMORA is entitled to recover punitive damages
6
   from DEFENDANTS, and each of them, in an amount according to proof at the time of trial.
7

8  **SIXTH CAUSE OF ACTION**
   Discrimination on the Basis of Race
9  (ANTONIO ZAMORA against All DEFENDANTS other than NEUFELD individually)

10

11 92.    PLAINTIFFS incorporate by reference all of the previous allegations.

12 93.    DEFENDANTS, through their agents and employees, engaged in a pattern and

13 practice of unlawful discrimination in violation of FEHA in connection with the terms and
   conditions of PLAINTIFF's employment.

14 94.    ANTONIO ZAMORA was subjected to disparate treatment because of his status as a

15 member of a protected class.

16 95.    At all relevant times, DEFENDANTS had actual and constructive knowledge of the

17 discriminatory conduct described and alleged herein, and condoned, ratified and participated in

18 the discrimination.  As a result of DEFENDANTS' failure to protect ANTONIO ZAMORA

19 from discrimination, ANTONIO ZAMORA suffered significant emotional distress.

20 96.    ANTONIO ZAMORA is informed and believes and thereon alleges that in addition

21 to the practices enumerated above, DEFENDANTS, and each of them, engaged in other

22 discriminatory practices against ANTONIO ZAMORA, which are not yet fully known.  At such

23 time as said discriminatory practices become known to ANTONIO ZAMORA, ANTONIO

   ZAMORA will seek leave of court to amend this complaint in those regards.

24 97.    DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex,

25 injure, annoy, humiliate and embarrass ANTONIO ZAMORA, and in conscious disregard of

26 the rights or safety of ANTONIO ZAMORA and other employees of DEFENDANTS, and in

27 furtherance of DEFENDANTS' ratification of the wrongful conduct of the managers of

28 DEFENDANTS.  Accordingly, ANTONIO ZAMORA is entitled to recover punitive damages

1 from DEFENDANTS.

2      98.     ANTONIO ZAMORA has necessarily retained attorneys to prosecute the within
3 action. ANTONIO ZAMORA is therefore entitled to reasonable attorney's fees and litigation
4 expenses, including expert witness fees and costs, incurred in bringing the within action. As a
5 result of DEFENDANTS' and each of their actions, ANTONIO ZAMORA sustained economic
6 damages to be proven at trial. As a further result of DEFENDANTS' and each of their actions,
ANTONIO ZAMORA suffered emotional distress; resulting in damages to be proven at trial.

7      99.     The above discriminatory conduct violates FEHA, Government Code §§ 12940 and
8 12941 and California Public Policy and entitles ANTONIO ZAMORA to all categories of
9 damages, including exemplary or punitive damages.

10

11                         **SEVENTH CAUSE OF ACTION**
Failure to Pay "Straight" Wages
12                       CA Labor Code and 29 USC 207
(All PLAINTIFFS against all DEFENDANTS other than NEUFELD individually)
13

14     100.     PLAINTIFFS re-allege and incorporate by reference all of the previous allegations.

15     101.     On many occasions throughout PLAINTIFFS' employment, DEFENDANTS or
16 some of them engaged, suffered or permitted PLAINTIFFS to work without receiving at least
17 minimum wage.

18     102.     DEFENDANTS or some of them willfully failed to pay PLAINTIFFS for all hours
that DEFENDANTS or some of them engaged, suffered or permitted PLAINTIFFS to work.
19
20     103.     DEFENDANTS violated the CA Labor Code and the FAIR LABOR STANDARDS
ACT ("FLSA") as it applied to PLAINTIFFS.

21     104.     As a legal result of the aforementioned violations, PLAINTIFFS suffered harm and
22 they are entitled to recover the unpaid "straight" wages, including interest thereon, costs of suit
23 and reasonable attorneys' fees, all in an amount to be determined at trial.

24

25                          **EIGHTH CAUSE OF ACTION**
Failure to Pay All Overtime Premium Wages
26     (All PLAINTIFFS against all DEFENDANTS other than NEUFELD individually)

27
28     105.     PLAINTIFFS incorporate by reference all of the previous allegations.

106.   Labor Code § 510(a) provides that work in excess of eight (8) hours in a day, or forty (40) hours in a week, must be compensated at a rate not less than one and one-half (1½) times the regular rate of pay for an employee.

107.   IWC Wage Order 4-2001 and 8 Cal. Code of Regulations § 11040 also provide that work in excess of eight (8) hours in a day, or forty (40) hours in a week, must be compensated at not less than one and one-half (1½) times the regular rate of pay for an employee.

108.   IWC Wage Order 4-2001 and 8 Cal. Code of Regulations § 11040 also provide that work performed for the first eight (8) hours on the seventh (7th) consecutive day of work in a workweek must be compensated at not less than one and one-half (1½) times the regular rate of pay for an employee.

109.   IWC Wage Order 4-2001 and 8 Cal. Code of Regulations § 11040 also provide that work in excess of twelve (12) hours in a day and/or work in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek must be compensated at not less than two (2) times the regular rate of pay for an employee.

110.   PLAINTIFFS worked shifts of more than eight (8) hours without receiving minimum overtime compensation.

111.   PLAINTIFFS worked in excess of forty (40) hours in a workweek without receiving minimum overtime compensation.

112.   Pursuant to Labor Code § 1194, PLAINTIFFS are entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation.

113.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS have suffered damages, in an amount to be proven at trial.

114.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS are also entitled to attorneys fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

## NINTH CAUSE OF ACTION
Liquidated Damages Pursuant to Labor Code § 1194.2 and the FLSA
(All PLAINTIFFS against all DEFENDANTS other than NEUFELD individually)

115.   PLAINTIFFS incorporate by reference all of the previous allegations.

116.    PLAINTIFFS bring an action under Labor Code §1194(a) to recover wages because DEFENDANTS' did not pay PLAINTIFFS minimum wages and overtime wages set by statute or as ordered by California Industrial Welfare Commission under IWC Wage Order 4-2001 and 8 Cal. Code of Regulations § 11040.

117.    Minimum overtime wages are either 1.5 or 2 times an employee's hourly wage.

118.    PLAINTIFFS are entitled to CA Labor Code and FLSA liquidated damages.

119.    By reason of the conduct alleged hereinabove, PLAINTIFFS are entitled to liquidated damages pursuant to Labor Code Section 1194.2, and the FLSA in an amount according to proof.

## TENTH CAUSE OF ACTION
Labor Code Penalties - § 201, § 203, § 204, § 210, and § 558
(All PLAINTIFFS against all DEFENDANTS other than NEUFELD individually)

120.    PLAINTIFFS incorporate by reference all of the previous allegations.

121.    Labor Code § 201(a) requires an employer who discharges an employee to pay all compensation due and owing to the employee immediately upon discharge.

122.    Labor Code § 203 provides that if an employer fails to pay compensation promptly upon discharge, as required under Labor Code § 201, then the employer is liable for waiting time pay in the form of continued compensation for up to thirty (30) work days.

123.    PLAINTIFFS, who are no longer employed by DEFENDANTS, have not been paid for compensation for all hours worked – i.e. DEFENDANTS did not pay PLAINITFFS wages, commission and overtime premium wages.

124.    PLAINTIFFS actual hours worked for DEFENDANTS were not accurately reflected on wage statements and they were underpaid.

125.    DEFENDANTS have failed to make timely payment of wages to PLAINTIFFS.

126.    All wages due to any employee are due and payable twice (2) during each month and all overtime wages must be paid no later than the payday for the next regular payroll period pursuant to Labor Code § 204.

127.    DEFENDANTS did not pay PLAINTIFFS all of their regular wages and all of their overtime wages within the applicable time periods set forth in Labor Code § 204, and have not paid them those wages to date.

128. Labor Code § 210 provides for penalties for failure to pay wages pursuant to California Labor Code § 204 as one-hundred dollars ($100) for any initial violation and two-hundred dollars ($200) for each subsequent violation, plus twenty-five percent (25%) of the amount withheld.

129. Labor Code § 558 provides for civil penalties for violation of the Labor Codes' and IWC Wage Orders' regulations regarding hours worked.

130. Labor Code § 558 provides for civil penalties for violation of provisions regulating hours as fifty dollars ($50) for the initial pay period violation (in addition to the amount of the unpaid wages) and one-hundred dollars ($100) for each subsequent pay period violation (in addition to the amount of the unpaid wages).

131. DEFENDANTS are liable to PLAINTIFFS for civil penalties pursuant to Labor Code § 558 for violation of the California Labor Codes' and IWC Wage Orders' regulations regarding hours worked based upon the facts and circumstances described above.

132. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS have suffered damages, in an amount to be proven at trial.

133. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS are also entitled to attorneys' fees, in addition to interest, expenses and costs of suit.

### ELEVENTH CAUSE OF ACTION
Failure to Provide An Accurate Wage Statement In
Violation of California Labor Code § 226(e)
(All PLAINTIFFS against all DEFENDANTS other than NEUFELD individually)

134. PLAINTIFFS incorporate by reference all of the previous allegations.

135. Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, provide each employees with a written, itemized statement showing, *inter alia*, the gross wages earned, the total hours worked by the employee, and the applicable hourly rate in effect during the pay period and the corresponding number of hours earned at each hourly rate and the name of the employer.

136. The IWC Wage Orders also establish this requirement. (*See* 8 Cal. Code of Regs., §11040(8).)

137. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and attorneys fees.

138.    DEFENDANTS have failed and continue to fail to provide accurate, itemized wage statements to PLAINTIFFS, in that no wage statements were provided to PLAINTIFFS, reflecting the actual hours worked nor the actual wages earned.

139.    DEFENDANTS are liable to PLAINTIFFS for the amounts described above, in addition to the civil penalties provided for in Labor Code §226.3.

140.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS are also entitled to attorneys' fees under Labor Code § 226(e), in addition to interest, expenses and costs of suit.

**TWELFTH CAUSE OF ACTION**
Unlawful, Unfair and Fraudulent Business Practices
In Violation of B&P Code §§ 17200 and 17203, *et seq.*
(ALL PLAINTIFFS against all DEFENDANTS other than NEUFELD individually)

141.    PLAINTIFFS incorporate by reference all of the foregoing paragraphs.

142.    B&P Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

143.    B&P Code § 17202 provide: "Notwithstanding Section 2289 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

144.    B&P Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

145.    B&P Code § 17203 also provides that any person who meets the standing requirements of Section 17204 and complies with CCP Section 382 may pursue representative claims for relief on behalf of others.

146.    B&P Code § 17204 allows "any person who has suffered injury in fact and has lost

1  money or property as a result of such unfair competition" to prosecute a civil action for
2  violation of the Unfair Business Practices Act.

3      147.  Labor Code § 90.5(a) states that it is the public policy of California to vigorously
4  enforce minimum labor standards in order to ensure employees are not required to work under
   substandard and unlawful conditions, and to protect employers who comply with the law from
5  those who attempt to gain competitive advantage at the expense of their workers by failing to
6  comply with the minimum standards law.

7      148.  Pursuant to B&P § 17202, PLAINTIFFS are entitled to enforce all applicable
8  provisions of the Labor Code.

9      149.  Beginning at an exact date unknown to PLAINTIFFS, but at least since the date two
10 years prior to the filing of this suit, DEFENDANTS have committed acts of unfair competition
   as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and
11 fraudulent practices and acts described in this Complaint, including, but not limited to:
12

13              a.  Violations of Labor Code §§ 201, 203, 204, 210, and 558, pertaining to
                    unpaid wages;
14
                b.  Violations of FEHA and the FLSA;
15
                c.  Violations of Labor Code §§ 226, pertaining to itemized statement of
16                  wages; and
17              d.  Violation of PAGA.

18     150.  The violations of these laws and regulations, as well as of fundamental California
19 public policies protecting workers, serve as unlawful predicate acts and practices for purposes
20 of B&P Code §§ 17200 and 17203, *et seq.*

21     151.  The acts and practices described above constitute unfair, unlawful and fraudulent
   business practices, and unfair competition, within the meaning of B&P Code §§ 17200 and
22 17203, *et seq.*  Among other things, DEFENDANTS' acts and practices have forced
23 PLAINTIFFS to labor without receiving compensation.

24     152.  The acts and practices described above have allowed DEFENDANTS to gain an
25 unfair competitive advantage over law-abiding employers and competitors.

26     153.  As a direct and proximate result of the acts and practices described herein,
27 PLAINTIFF has been denied compensation, in an amount to be proven at trial.

28     154.  PLAINTIFFS are entitled to restitution pursuant to B&P Code § 17203 for all wages

1  and other compensation unlawfully withheld from her during the seven (7) year period prior to
2  the filing of the complaint.

3      155.    As a direct and proximate result of the aforementioned acts and practices,
4  DEFENDANTS have received, and continue to receive, ill-gotten gains belonging to
5  PLAINTIFFS.

6      156.    Injunctive relief is necessary and appropriate to prevent DEFENDANTS from
   repeating their unlawful, unfair and fraudulent business acts and practices described herein.

7      157.    Pursuant to § 17203 and/or any other applicable law, PLAINTIFFS seek an order
8  preventing DEFENDANTS from engaging in unlawful, unfair and fraudulent conduct, and
9  preventing DEFENDANTS from profiting and benefiting from illegal and wrongful acts.

10

11                          **THIRTEENTH CAUSE OF ACTION**
                                 Unlawful Imprisonment
12                   (GLORIA ZAMORA and ANTONIO ZAMORA against All
                      DEFENDANTS other than EXPRESS SERVICES, INC.)
13

14     158.    PLAINTIFFS incorporate by reference all of the previous allegations.

15     159.    PLAINTIFF is informed and believe and thereon allege that DEFENDANTS, by and
16  through their principals, agents and employees conducted themselves unlawfully in violation of
17  public policy and applicable law as described above with conscious disregard of the result or
   outcome of such conduct.
18
       160.    NEUFELD held PLAINTIFFS GLORIA ZAMORA and ANTONIO ZAMORA
19  captive and would not allow them freedom to leave their former workplace.
20
       161.    PLAINTIFFS GLORIA ZAMORA and ANTONIO ZAMORA did not consent to
21  being held in that way.

22     162.    PLAINTIFFS were harmed or offended by NEUFELD's conduct.

23     163.    DEFENDANTS had actual or constructive knowledge of the unlawful conduct
24  described herein, and condoned, ratified and/or participated in such acts.

25     164.    NEUFELD's conduct was committed during the course and scope of employment.

26     165.    As a direct and proximate result of DEFENDANTS' willful, knowing and
   intentional acts, and/or DEFENDANTS' failure to act, PLAINTIFFS GLORIA ZAMORA and
27  ANTONIO ZAMORA have suffered and will continue to suffer mental distress and anguish.
28

1  PLAINTIFF is thereby entitled to general and compensatory damages in an amount to be
2  proven at trial.

3      166.    The acts of DEFENDANTS, as alleged herein, were done with fraud, oppression and
4  malice, with a conscious disregard for PLAINTIFFS GLORIA ZAMORA and ANTONIO
   ZAMORA's rights; and with the intent, design and purpose of injuring PLAINTIFFS GLORIA
5  ZAMORA and ANTONIO ZAMORA, with an improper and evil motive amounting to malice,
6  in conscious disregard of PLAINTIFF's rights. PLAINTIFFS GLORIA ZAMORA and
7  ANTONIO ZAMORA are therefore entitled to recover punitive damages against
8  DEFENDANTS, and each of them.

9      167.    By reason of the conduct of DEFENDANTS and each of them as alleged herein,
10 PLAINTIFFS GLORIA ZAMORA and ANTONIO ZAMORA have necessarily retained
11 attorneys to prosecute the within action. PLAINTIFFS GLORIA ZAMORA and ANTONIO
   ZAMORA are therefore entitled to reasonable attorneys' fees and litigation expenses, including
12 expert witness fees and costs, incurred in bringing the within action.
13

14              **FOURTEENTH CAUSE OF ACTION**
                          Assault
15            (GLORIA ZAMORA and ANTONIO ZAMORA against All
16            DEFENDANTS other than EXPRESS SERVICES, INC.)

17     168.    PLAINTIFFS incorporate by reference all of the previous allegations.

18     169.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS, by
19 and through their principals, agents and employees conducted themselves unlawfully in
20 violation of public policy and applicable law as described above with conscious disregard of the
21 result or outcome of such conduct.

22     170.    NEUFELD threatened violence and attempted to touch PLAINTFFS GLORIA
23 ZAMORA and ANTONIO ZAMORA's person with the intent to cause a harmful or offensive
   contact with an intimate part of PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA's
24 body in the workplace.
25     171.    PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA did not consent to
26 such conduct.

27     172.    PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA were harmed by the
28 assaulting conduct.

1    173.    The DEFENDANTS had actual or constructive knowledge of the offensive conduct
2    described herein, and condoned, ratified and/or participated in such acts.

3        174.    NEUFELD's conduct was committed during the course and scope of employment.

4        175.    As a direct and proximate result of DEFENDANTS' willful, knowing and
     intentional acts, and/or DEFENDANTS' failure to act, PLAINTFFS GLORIA ZAMORA and
5    ANTONIO ZAMORA have suffered and will continue to suffer mental distress and anguish.
6    PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA are thereby entitled to general
7    and compensatory damages in an amount to be proven at trial.

8        176.    The acts of DEFENDANTS, as alleged herein, were done with fraud, oppression and
9    malice, with a conscious disregard for PLAINTFFS GLORIA ZAMORA and ANTONIO
10   ZAMORA's rights; and with the intent, design and purpose of injuring PLAINTIFF ANTONIO
11   ZAMORA, with an improper and evil motive amounting to malice, in conscious disregard of
     PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA's rights.  PLAINTFFS GLORIA
12   ZAMORA and ANTONIO ZAMORA are therefore entitled to recover punitive damages
13   against DEFENDANTS, and each of them.

14       177.    By reason of the conduct of DEFENDANTS and each of them as alleged herein,
15   PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA have necessarily retained
16   attorneys to prosecute the within action.  PLAINTFFS GLORIA ZAMORA and ANTONIO
17   ZAMORA are therefore entitled to reasonable attorneys' fees and litigation expenses, including
18   expert witness fees and costs, incurred in bringing the within action.

19
20                          **FIFTEENTH CAUSE OF ACTION**
                                  Battery Non-Sexual
21                    (GLORIA ZAMORA and ANTONIO ZAMORA against All
                      DEFENDANTS other than EXPRESS SERVICES, INC.)
22

23       178.    PLAINTIFFS incorporate by reference all of the previous allegations.

24       179.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS, by
25   and through their principals, agents and employees conducted themselves unlawfully in
26   violation of public policy and applicable law as described above with conscious disregard of the
     result or outcome of such conduct.
27
28       180.    NEUFELD    touched    PLAINTIFFS    GLORIA    ZAMORA    and    ANTONIO

1   ZAMORA's person with the intent to cause a harmful or offensive contact in the workplace.

2      181.   PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA did not consent to be

3   touched.

4      182.   PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA were harmed or
offended by NEUFELD's conduct.

5
     183.   The DEFENDANTS had actual or constructive knowledge of the offensive conduct

6   described herein, and condoned, ratified and/or participated in such acts.

7      184.   NEUFELD's conduct was committed during the course and scope of employment.

8      185.   As a direct and proximate result of DEFENDANTS' willful, knowing and

9   intentional acts, and/or DEFENDANTS' failure to act, PLAINTFFS GLORIA ZAMORA and

10   ANTONIO ZAMORA have suffered and will continue to suffer mental distress and anguish.

11   PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA are thereby entitled to general

12   and compensatory damages in an amount to be proven at trial.

13      186.   The acts of DEFENDANTS, as alleged herein, were done with fraud, oppression and

14   malice, with a conscious disregard for PLAINTFFS GLORIA ZAMORA and ANTONIO

15   ZAMORA's rights; and with the intent, design and purpose of injuring PLAINTFFS GLORIA

16   ZAMORA and ANTONIO ZAMORA, with an improper and evil motive amounting to malice,
in conscious disregard of PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA's

17   rights. PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA are therefore entitled to

18   recover punitive damages against DEFENDANTS, and each of them.

19      187.   By reason of the conduct of DEFENDANTS and each of them as alleged herein,

20   PLAINTFFS GLORIA ZAMORA and ANTONIO ZAMORA have necessarily retained

21   attorneys to prosecute the within action. PLAINTFFS GLORIA ZAMORA and ANTONIO

22   ZAMORA are therefore entitled to reasonable attorneys' fees and litigation expenses, including
expert witness fees and costs, incurred in bringing the within action.

23

24                          **SIXTEENTH CAUSE OF ACTION**

25        Violation of the Labor Code Private Attorneys General Act of 2004
                 ("PAGA") – LABOR CODE § 2698, *et seq.*

26      (All PLAINTIFFS against all DEFENDANTS other than NEUFELD individually)

27      188.   PLAINTIFFS incorporate by reference all of the previous allegations herein.

28      189. PLAINTIFFS are aggrieved employees pursuant to California Labor Code § 2699(a),

thus they are entitled to seek penalties pursuant to Labor Code §§ 201, 203, 204, 210, 218.5, 226(e),558, 1194 and 2699(f)(2) on behalf and for the people of the State of California and the California Labor and Workforce Development Agency, in accordance with the procedures specified in the PAGA.

190. In compliance with California Labor Code §§ 210 and 211, and the PAGA, PLAINTIFFS has sought the intervention of the California Labor and Workforce Development Agency to investigate and prosecute PLAINTIFFS' labor code violations identified in this Complaint.

191. PLAINTIFFS' have complied with the PAGA notice provision set forth in the Labor Code.

192. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS' suffered injuries, and are also entitled to attorney's fees, in addition to interest, expenses and costs of suit.

193. In committing the foregoing acts, DEFENDANTS were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, PLAINTIFFS, the people of the State of California and the California Labor and Workforce Development Agency are entitled to recover damages for the sake of example by way of punishing PLAINTIFFS.

PLAINTIFFS request penalties against DEFENDANTS as provided under the Labor Code, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

WHEREFORE, PLAINTIFFS pray for judgment as is further set forth below.

## **PRAYER FOR RELIEF**

1. For a declaration that DEFENDANTS must provide PLAINTIFFS with the documentation they are entitled to and that they previously requested;

2. For a declaratory judgment that DEFENDANTS have violated the California Employment and Housing Act, the Fair Labor Standards Act, the California Labor Code and public policy, as alleged herein;

3. For a declaratory judgment that DEFENDANTS have violated B&P Code §§ 17200 and 17203, *et seq*., as a result of the aforementioned violations of the California Labor Code and public policy protecting workers;

4.  For a permanent and mandatory injunction prohibiting DEFENDANTS, their officers, agents, employees, affiliated companies, and all those working in concert with them, from committing future violations of the laws and public policies described herein;

5.  For an award of restitution;

6.  For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 201, 203, 204, 210, 218.5, 226(e), 510, 558 and 1194, 2269(f)(2), together with interest on these amounts;

7.  For an order awarding PLAINTIFFS compensatory damages, including but not limited to wages, earnings, and other compensation, according to proof, and interest on these amounts;

8.  For emotional distress damages according to proof;

9.  For punitive damages according to proof;

10. For an order that DEFENDANTS must disgorge ill gotten gains;

11. For award of reasonable attorneys' fees, as provided by Labor Code §§ 226(e) and 1194 and/or other applicable law;

12. PAGA damages for the State of California and CLWDA;

13. For statutory prejudgment interest;

14. For all costs of suit; and

15. For such other and further relief as this Court deems just and proper.

Dated: August 21, 2014                          KLETTER LAW FIRM LLP

                                                By: _____
                                                Cary Kletter
                                                Sally Trung Nguyen
                                                Attorney for PLAINTIFFS
                                                GLORIA ZAMORA, ANTONIO ZAMORA and
                                                LESLIE MARQUEZ

1

## JURY TRIAL DEMANDED

2      PLAINTIFFS request a trial by jury on each cause of action for which a trial by jury is

3   proper.

4   Dated: August 21, 2014                        KLETTER LAW FIRM LLP

5

6                                                  By: _____

7                                                  Cary Kletter

8                                                  Sally Trung Nguyen
                                                   Attorney for PLAINTIFFS
9                                                  GLORIA ZAMORA, ANTONIO ZAMORA and
                                                   LESLIE MARQUEZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28