SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
JASON W. KEARNAGHAN, Cal. Bar No. 207707
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398
Email:         rsimmons@sheppardmullin.com
                  jkearnaghan@sheppardmullin.com

MORGAN P. FORSEY, Cal. Bar No. 241207
mforsey@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:  415.434.9100;
Facsimile:   415.434.3947
Email:              mforsey@sheppardmullin.com

Attorneys for EXPRESS SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GLORIA ZAMORA, ANTONIO ZAMORA, and LESLIE MARQUEZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LW NEUFELD & ASSOCIATES (a partnership); LW NEUFELD & ASSOCIATES, INC.: EXPRESS SERVICES, INC., *dba* EXPRESS EMPLOYMENT PROFESSIONALS: WILLIAM NEUFELD and DOES 1-20 inclusive ,<br><br>　　　　Defendants. | Case No. 5:14-CV-03628-PSG<br><br>**DEFENDANT'S *EX PARTE* MOTION TO EXTEND THE DISPOSITIVE MOTION DEADLINE FROM JULY 21, 2015 TO AUGUST 7, 2015**<br><br>**N.D. Local Rule 7-10**<br><br>[*Filed concurrently with Declaration of Morgan P. Forsey and [Proposed] Order*] |

## I. RELIEF REQUESTED

Defendant Express Services, Inc. moves *ex parte* for an order from the Court extending the dispositive motion deadline set forth in the Case Scheduling Order by 17 days, from July 21, 2015 to August 7, 2015. This motion is the first extension requested by any party in this matter, and is brought pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7-10.

Due to medical issues, Plaintiff Gloria Zamora ("Zamora") was not available for her deposition prior to the discovery cutoff. The parties therefore agreed that Plaintiff Zamora would be deposed after June 5, 2015. Due to Zamora's medical condition and the schedules of counsel for Plaintiffs and Defendants, the deposition was scheduled for July 31, 2015, which is ten days past the dispositive motion cutoff date.

The parties mediated this matter on July 10, 2015, but were unable to resolve the dispute. As Zamora will likely offer testimony that directly impacts Defendant's intended motion for summary judgment/adjudication, her testimony is needed before the dispositive motion is filed. Despite Defendant's best efforts, Plaintiffs would not agree to a stipulation extending time.

Extending the dispositive motion deadline will not affect the September 28, 2015 trial date, as dispositive motions filed on August 7, 2015 may be heard on September 11, 2015, prior to the pre-trial conference on September 15, 2015. Absent an order extending the deadline, however, Defendant will be denied the opportunity to secure an order on the merits that reduces the claims to be tried. For these reasons, the requirements for *ex parte* relief are satisfied and good cause exists to extend the dispositive motion deadline. Accordingly, Defendant respectfully requests that this *ex parte* motion be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 2014, the Court issued a Case Scheduling Order, which set a non-expert discovery cutoff of June 5, 2015 and a dispositive motion cutoff of July

21, 2015.  (Doc. 24.)  The parties tried to schedule Zamora's deposition prior to the discovery cutoff.  (*See* Declaration of Morgan P. Forsey ("Forsey Decl."), ¶ 1, Exhibit A.)  However, due to medical issues, Zamora was not available.  The parties therefore agreed to depose Zamora after the discovery cutoff date.  (Id., ¶ 2)

Consequently, Zamora's deposition was scheduled for July 31, 2015 – ten days after the dispositive motion deadline – in consideration of Zamora's medical condition and the conflicting schedules of counsel for all parties.  (Forsey Decl., ¶ 3, Exhibit B.)  Zamora will likely offer testimony that directly impacts Defendant's intended motions for summary judgment/adjudication, as well as Plaintiffs' anticipated oppositions to same.  (Id., ¶ 5.)   An extension of time affords all parties a fair opportunity to analyze and consider Zamora's testimony for use in making and opposing summary judgment.  (Id., ¶ 7.)

On July 10, 2015, the parties engaged in a day-long mediation with Shirish Gupta, Esq., but were unable to resolve the disputes in this litigation.  (Forsey Decl., ¶ 4.)   That same day, in an effort to avoid motion practice, Defendant requested that the parties stipulate to extend the dispositive motion deadline.  (Forsey Decl., ¶ 8, Exhibit C.)  Unfortunately, although the attorneys for Defendant LW Neufeld & Associates agreed, Plaintiffs' counsel has requested a teleconference but has not agreed to the stipulation.  (Forsey Decl., ¶¶ 9, 10, Exhibits C-D.)  As such, Defendant is unsure of Plaintiffs' position on the extension.  (*See* id.)  On July 14, 2015, Defendant provided notice of its intent to file this *ex parte* motion.  (Forsey Decl., ¶ 10, Exhibit D.)

Dispositive motions filed on August 7, 2015 may be heard on September 11, 2015, which will have no impact on the trial date for this matter.  (Forsey Decl., ¶ 6.)

### III. ARGUMENT

A scheduling order may be modified for good cause with the judge's consent.  F.R.C.P. 16(b)(4); *see* Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th

Cir. 1992) ("Orders entered before the final pretrial conference may be modified upon a showing of 'good cause'). Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if "it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (citations omitted). Here, good cause exists because Defendant will be irreparably prejudiced if it is unable to bring its dispositive motions despite its diligence.

Through no fault of its own, and despite its efforts to set a date for Zamora's deposition, Defendant is unable to depose Zamora prior to the dispositive motion deadline. In light of Zamora's medical condition, the parties agreed that Zamora's deposition would take place after the discovery cutoff. (Forsey Decl., ¶ 2.) Moreover, because of Zamora's medical condition and the conflicting schedules of counsel, the parties were unable to set Mrs. Zamora's deposition until July 31, 2015, after the dispositive motion cutoff date. (Id., ¶ 3, Exhibit B.)

Defendant believes that Zamora will offer testimony that has a direct impact on its intended motions for summary judgment/adjudication. (Forsey Decl., ¶ 5.) As such, without Zamora's deposition testimony, any dispositive motion is premature. Defendant cannot prepare its moving papers and separate statement, only to later learn of new evidence and information. (*See* Forsey Decl., ¶ 7.) Defendant must be afforded a full and fair opportunity to secure its evidence and then move for an order on the merits.

Further, the requested extension is not the consequence of any dilatory conduct on the part of Defendant. To the contrary, Defendant's diligence is well documented. After mediation was unsuccessful on July 10, 2015, Defendant *immediately* emailed all parties and requested a stipulation to extend the dispositive motion deadline. (*See* Forsey Decl., ¶¶ 4, 8, Exhibit C.) Indeed, counsel for Defendant emailed all parties before the close of business on July 10, 2015. (Id.)

In addition, on the next business day following mediation, July 13, 2015, Defendant emailed a draft stipulation to all parties, to which Defendant LW Neufeld & Associates agreed. (Forsey Decl., ¶¶ 10, Exhibit D.) To date, Plaintiffs' counsel has not communicated his position regarding the extension. (Id., ¶¶ 9, 10, Exhibits C-D.) In light of the upcoming deadline, on July 14, 2015, Defendant provided notice of its intent to file this *ex parte* motion for an extension. (Id., ¶ 10, Exhibit D.)

## IV.   CONCLUSION

The deposition of Zamora will allow the parties and the Court to consider all information necessary and relevant to Defendant's motions for summary judgment/adjudication. Zamora's medical issues have prevented Defendant from securing her deposition testimony prior to the dispositive motion deadline. As the requirements for *ex parte* relief are satisfied and good cause exists, Defendant respectfully requests that the Court extend the dispositive motion deadline from July 21, 2015 to August 7, 2015.

Dated:  July 14, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ *Morgan P. Forsey*
RICHARD J. SIMMONS
JASON W. KEARNAGHAN
MORGAN P. FORSEY

Attorneys for EXPRESS SERVICES, INC.